# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| NANCY FERARA, | No. 62618-7-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ADULT PROTECTIVE SERVICES, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. – Nancy Ferara appeals the trial court's denial of her motion to vacate the trial court's dismissal of her petition for review of her administrative appeal for failure to prosecute the appeal. Ferara's administrative appeal sought reversal of the finding by the Department of Social and Health Services (DSHS) that she had neglected a vulnerable adult in her care.

When Ferara's appeal was filed in superior court, the court entered a notice regarding administrative appeals. The notice stated that if the case was not subject to direct review by the Court of Appeals, the parties should file a motion seeking judicial assignment and issuance of a case schedule. The notice further stated that the case would be reviewed after 90 days, and the

case would be dismissed if there was no evidence of the petitioner moving the case toward completion.

No motion for issuance of a case schedule was filed. And after DSHS filed the administrative record, 90 days passed without any action on the case. The superior court entered the order of dismissal of Ferara's petition because there was no evidence of the case moving toward completion for 90 days.

Ferara moved to vacate this order under CR 60(b)(1), arguing that her attorney did not take the actions required to move the case forward because her attorney mistakenly failed to download the case schedule. The trial court denied her motion. On appeal, Ferara argues that the court abused its discretion because she had a prima facie defense to DSHS's allegations and because her attorney's misunderstanding of the notice issued by the superior court constituted excusable neglect.

We affirm the trial court's denial of Ferara's motion to vacate the dismissal of her administrative appeal.

FACTS

In 2020, DSHS made a substantiated finding that Ferara had neglected a vulnerable adult in her care. Ferara initiated an administrative proceeding seeking reversal of this finding. The matter was heard before an administrative law judge, who entered an initial order affirming DSHS's neglect finding. Ferara appealed to the DSHS Board of Appeals, and the reviewing judge affirmed the initial order.

Ferara filed a petition for review in superior court seeking reversal of the Board of Appeals decision on July 24, 2024. Her petition for review stated, "Petitioner maintains the facts

do not support the decision." Clerk's Papers (CP) at 2. The petition attached the Board of Appeals decision.

The next day, the superior court issued a notice that stated,

Pursuant to RCW 34.05.518 the final decision of an administrative agency in an adjudicative proceeding may be directly reviewed by the Court of Appeals upon certification by the Superior Court.

For any record supplementation issues or to obtain certification for direct appeal, parties should note such matters on the Chief Civil calendar. King County Superior Court expects the record supplementation and record certification to be concluded in the Superior Court within 90 days of filing the initial petition.

If this case is not subject to 34.05.518, *parties should file a motion before the respective chief civil judge seeking judicial assignment and a case schedule.*

If an Order on Certification for Direct Review or Order of Dismissal is not entered within 90 days from the date stamped on this notice, your case will be reviewed. *If there is no evidence of moving your case toward completion, your case will be dismissed by the Clerk.* At that time, a "Clerk's Order of Dismissal" will then be entered.

CP at 4824 (emphasis added).

On August 14, DSHS filed a certified copy of the administrative record, totaling 3724 pages. On August 15, DSHS filed the verbatim report of proceedings from the administrative action, totaling 998 pages.

After filing the petition for review, Ferara took no action. She did not indicate that she was seeking direct review by the Court of Appeals. And she did not file a motion seeking judicial assignment and a case schedule. No action occurred on the case after DSHS's filing on August 15.

On November 14 – 91 days after the last case activity – the superior court entered an order dismissing Ferara's appeal without prejudice. The order stated the clerk may dismiss an administrative appeal after 90 days if there is no evidence that the case was being moved toward

3

completion. And the order stated that the case was filed more than 90 days before the date of the order, and there were no future hearings or trial dates scheduled.

On December 17, Ferara's attorney filed a motion to vacate the dismissal of her appeal pursuant to CR 60(b). The motion asserted that "[a] copy of the case schedule was not downloaded and placed in Appellant's counsel's electronic file." CP at 4800. Similarly, the argument section stated that "[a]t the time of filing, a copy of the electronic case schedule issued upon filing was not downloaded and not place[d] in Petitioner's counsel's electronic case file." CP at 4801. The attorney also stated that this was her first time working on an administrative appeal.

The motion to vacate stated, "Petitioner maintains the decision by the administrative judge is not supported by the evidence." CP at 4801. The motion cited the "Petition for Review and case file" as supporting evidence. CP at 4801. Ferara requested that the court "find her counsel's mistake and inadvertence in the downloading and inclusion of the case schedule in the electronic case file" supported vacating the order. CP at 4802.

DSHS opposed vacation of the dismissal order. DSHS pointed out that no case schedule was issued because Ferara did not file a motion to obtain one, as required in the trial court's July 25 notice. DSHS argued that the failure to read the court's notice did not constitute a mistake or excusable neglect. DSHS also argued that Ferara failed to follow the procedures required in CR 60(e)(1), including failing to identify substantial evidence in support of her defense in the appeal.

The trial court denied the motion to vacate the dismissal of Ferara's appeal. The court's order noted that "no case schedule was ever issued" because Ferara failed to follow the directions in the notice regarding administrative appeals. CP at 4835. The court ruled that

"Petitioner has failed to exercise due diligence, failed to establish excusable neglect, and failed to follow the requirements of CR 60." CP at 4835.

Ferara appeals the trial court's denial of her motion to vacate the dismissal of her appeal.

ANALYSIS

A.   MOTION TO VACATE DISMISSAL

Ferara argues that the trial court erred by denying her motion to vacate the order dismissing her appeal for want of prosecution. We disagree.

1.   Legal Principles

Under CR 60(b), a party may obtain relief from a final judgment based on various grounds. Ferara relies only on CR 60(b)(1), which allows relief based on "Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." The party seeking relief under CR 60(b) has the burden of showing that relief is warranted. *Gates v. Homesite Ins. Co.*, 28 Wn. App. 2d 271, 278, 537 P.3d 1081 (2023).

CR 60(e)(1) states that a motion for vacation of a judgment must be "supported by the affidavit of the applicant or the applicant's attorney setting forth a concise statement of the facts or errors upon which the motion is based, and if the moving party be a defendant, the facts constituting a defense to the action or proceeding."

Most CR 60(b)(1) cases involve motions to set aside a default judgment. *E.g.*, *Lesters Painting, LLC v. Peraza*, 36 Wn. App. 2d 845, 847-48, 585 P.3d 736 (2025); *VanderStoep v. Guthrie*, 200 Wn. App. 507, 511, 402 P.3d 883 (2017). However, a trial court may apply CR 60(b) to vacate an order involuntarily dismissing a case for want of prosecution under CR 60(b). *See Vaughn v. Chung*, 119 Wn.2d 273, 282-84, 830 P.2d 668 (1992) (addressing dismissal under

5

CR 41(b)(2)). The parties agree that the same rules for vacation of a default judgment apply to vacation of a case dismissal for want of prosecution.

A trial court determines whether to set aside a default judgment under CR 60(b)(1) based on a four-part test articulated in *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968); *see Sellers v. Longview Orthopedic Associates, PLLC*, 11 Wn. App. 2d 515, 519-20, 455 P.3d 166 (2019). A defendant must show:

> "(1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated."

*Sellers*, 11 Wn. App. 2d at 519-20 (quoting *Little v. King*, 160 Wn.2d 696, 703-04, 161 P.3d 345 (2007)).

The first two factors in the *White* test are the primary considerations, and the last two are secondary. *Lesters Painting*, 36 Wn. App. 2d at 852. " 'Where a party fails to provide evidence of a prima facie defense and fails to show that its failure to appear was occasioned by mistake, inadvertence, surprise, or excusable neglect, there is no equitable basis for vacating judgment.' " *Id.* at 852-53 (quoting *Little*, 160 Wn.2d at 706).

We review a trial court's decision on a motion to set aside a default judgment for an abuse of discretion. *VanderStoep*, 200 Wn. App. at 518. Discretion is abused if exercised based on untenable grounds or for untenable reasons. *Id.*

2. Prima Facia Defense

Ferara argues that the administrative record that DSHS filed with the superior court shows that she has a prima facie case for reversing DSHS's neglect finding. She outlines her

arguments in her appellate brief. DSHS argues that Ferara failed to present any evidence with her CR 60(b)(1) motion to support a prima facie case. We agree with DSHS.

The first *White* factor is the existence of substantial evidence to support a prima facie defense. *Sellers*, 11 Wn. App. 2d at 519-20. A defendant must demonstrate the existence of a prima facie defense "to avoid a useless subsequent trial." *TMT Bear Creek Shopping Ctr., Inc. v. Petco Animal Supplies, Inc.*, 140 Wn. App. 191, 204, 165 P.3d 1271 (2007).

CR 60(e)(1) states that a motion for vacation of a judgment must be "supported by the affidavit of the applicant or the applicant's attorney setting forth a concise statement of . . . the facts constituting a defense to the action or proceeding." "To set aside a default judgment, a defendant generally must submit affidavits identifying specific facts that support a prima facie defense." *VanderStoep*, 200 Wn. App. at 519. A defendant cannot rely on allegations, conclusory statements, or speculation regarding the existence of a defense. *Id.* "The defendant must present 'concrete facts' that support a defense." *Id.* (quoting *Ha v. Signal Elec., Inc.*, 182 Wn. App. 436, 449, 332 P.3d 991 (2014)).

Although Ferara was the petitioner for her administrative appeal, she was the person against whom the neglect finding was made in the administrative action. Therefore, she was required to present specific facts supporting her defense.

Here, Ferara presented no evidence to the trial court that would show a prima facie case. In fact, she did not address this factor at all in her motion. The only reference in her motion to the merits of her appeal was a single statement: "Petitioner maintains the decision by the administrative judge is not supported by the evidence." CP at 4801. This conclusory allegation is insufficient to satisfy the first *White* factor. *See VanderStoep*, 200 Wn. App. at 519.

Ferara suggests that the administrative record that had been filed in the trial court was sufficient to show a prima facie case. But she did not refer the trial court to any portions of that record in support of her defense. The trial court was not required to wade through a 3724 page record to search for something that might support Ferara's motion.

Finally, Ferara does address the merits of her appeal in her appellate brief. But we can only review what was presented to the trial court. A trial court does not abuse its discretion if it fails to consider facts and arguments not called to its attention.

Accordingly, we conclude that Ferara failed to show in the trial court the existence of substantial evidence to support a prima facie defense. As a result, she is not entitled to relief under CR 60(b)(1). *See* CR 60(e)(1); *VanderStoep*, 200 Wn. App. at 519.[1]

B.      ATTORNEY FEES

Ferara requests attorney fees under RCW 4.84.350(1). RCW 4.84.350(1) permits a court to award attorney fees to "a qualified party that prevails in a judicial review of an agency action." We decline to award attorney fees to Ferara because she does not prevail in this appeal.

CONCLUSION

We affirm the trial court's denial of Ferara's motion to vacate the dismissal of her administrative appeal.

---

[1] Because Ferara failed to show a prima facie defense, we need not address the second *White* factor. However, we also conclude that the trial court did not abuse its discretion in finding the absence of excusable neglect.

No. 62618-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
PRICE, A.C.J.

_____
CRUSER, J.